UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

_____

No. 97-7506
(CR-93-16)

_____

United States of America,

Plaintiff - Appellee,

versus

David Elijah Smith,

Defendant - Appellant.

_____

O R D E R

_____

The court amends its opinion filed July 8, 1998, as follows:

On the cover sheet, section 6, lines 1-2 -- "Federal Public Defender's Office" is corrected to read "United States Attorney's Office."

For the Court - By Direction

/s/ Patricia S. Connor
Clerk

**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                    No. 97-7506

DAVID ELIJAH SMITH,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Terrence W. Boyle, Chief District Judge.
(CR-93-16)

Submitted: June 18, 1998

Decided: July 8, 1998

Before MURNAGHAN and WILKINS, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

David Elijah Smith, Appellant Pro Se. William Arthur Webb, UNITED
STATES ATTORNEY'S OFFICE, Raleigh, North Carolina,
for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

David Elijah Smith appeals from the district court's order imposing sentence on several drug-related crimes following remand from this court,**1** and its order denying Smith's motion filed pursuant to Fed. R. Crim. P. 33 for a new trial. On appeal, Smith challenges the district court's construction of his post-trial motion as a motion for a new trial pursuant to Rule 33. We find that the district court properly construed Smith's motion, and that its denial of the Rule 33 motion was not an abuse of discretion. See United States v. Campbell, 977 F.2d 854, 860 (4th Cir. 1992). Next, Smith claims that he was doubly punished for a single offense. We find this claim to be without merit because Smith failed to note an objection below, and we find no plain error because each count charged a separate offense. Smith next challenges the sufficiency of evidence to support his conviction on possession of crack cocaine. Because we have already determined that the evidence was sufficient to convict Smith,**2** we decline to revisit the issue in this appeal. Smith also raises three alleged sentencing errors, but only noted objections in the district court to two. He first claims that the district court clearly erred by failing to credit him with time served on a related sentence under USSG § 5G1.3(b). However, we find that that section has no application here because the term of imprisonment for which Smith seeks credit was discharged. Smith's second sentencing claim is that the district court improperly calculated the quantity of crack involved in Smith's offense. We find this claim to be without merit because there was sufficient evidence in the record to support the district court's determination of the quantity of drugs properly attributable to Smith. Finally, we find no plain error relative to the remaining sentencing error Smith raises for the first time on appeal, specifically, that the district court erred in calculating his sentence on count seven of his indictment.

---

**1** We remanded the case to the district court for resentencing following the vacatur of Smith's convictions under 18 U.S.C. § 924(c)(1) for using and carrying two different firearms during and in relation to separate drug crimes pursuant to Bailey v. United States , 516 U.S. 137 (1995).

**2** See United States v. Smith, No. 94-5531 (4th Cir. Aug. 5, 1995) (unpublished).

Accordingly, we affirm Smith's sentence and the district court's denial of Smith's Rule 33 motion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

AFFIRMED

3